UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ARTHUR JOSEPH STEVENSON,<br>Debtor. | Case No. 23-32811-KRH<br>Chapter 13 |

### MEMORANDUM OPINION

This matter comes before the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") on Wesbanco Bank, Inc.'s ("Wesbanco") objection [ECF No. 15] (the "Objection") to the *Chapter 13 Plan* [ECF No. 2] (the "Plan") proposed by Arthur Joseph Stevenson (the "Debtor"). By his Plan, the Debtor seeks to cure the arrearage owed to Wesbanco while continuing to make payments outside of the Plan. Wesbanco objects to the Plan on the grounds that the Debtor is not in privity of contract with Wesbanco and that the Debtor's Plan seeks a *de facto* assumption of the mortgage loan without Wesbanco's consent.

The Court has subject matter jurisdiction over this Objection under 28 U.S.C. § 1334(b) and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is appropriate pursuant to 28 U.S.C. § 1409(a). For the reasons set forth below and stated on the record at the hearing held on October 18, 2023, the Court will overrule the Objection.

The Debtor in the instant case inherited real property located at 253 Gordon Road, Kinsale, Virginia 22488 (the "Property") from Ruby A. Novillo. The Property is encumbered by a deed of trust (the "Deed of Trust") properly recorded among the land records of Westmoreland County, Virginia at Deed book 617, page 701, which secures a promissory note dated September 25, 2003, (the "Note") in the principal amount of $83,000.00.

On August 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). The total amount owed

on the Note as of the Petition Date was $56,446.33. Pursuant to the proof of claim filed by Wesbanco, the amount necessary to cure the pre-Petition Date default was $8,523.00.

By his Plan, the Debtor seeks to retain the property, cure the pre-Petition Date arrearage over 34 months, and continue to make post-Petition Date payments directly to Wesbanco on the terms set forth in the Note. The parties agree that the Debtor has no contractual privity with Wesbanco, that the Debtor is not personally liable on the Note, and that the Debtor has an interest in the Property, although he is not using the Property as his principal residence currently. The question is whether Wesbanco's *in rem* rights against the Property constitute a "claim" as defined by section 101(5) of the Bankruptcy Code, which claim can properly be included in the Plan.

The Fourth Circuit has not addressed this issue. Across the country, there is a split of authority as to whether a Chapter 13 plan may cure a defaulted secured claim when no privity of contract exists between the debtor and the creditor. The majority of courts apply the Supreme Court's broad interpretation of "claim" in *Johnson v. Home State Bank*, 501 U.S. 78 (1991), to permit confirmation of Chapter 13 plans that cure arrears where there are only *in rem* rights and no contractual privity between the debtor and creditor. *See, e.g.*, *In re Curinton*, 300 B.R. 78, 80 (Bankr. M.D. Fla. 2003); *Bank of America, N.A. v. Garcia* (*In re Garcia*), 276 B.R. 627 (Bankr. D. Ariz. 2002); *In re Trapp*, 260 B.R. 267 (Bankr. D.S.C. 2001); *In re Allston*, 206 B.R. 297 (Bankr. E.D.N.Y. 1997); *In re Rutledge*, 208 B.R. 624 (Bankr. E.D.N.Y. 1997); *In re Hutcherson*, 186 B.R. 546 (Bankr. N.D. Ga. 1995); *Citicorp Mortgage, Inc. v. Lumpkin* (*In re Lumpkin*), 144 B.R. 240 (Bankr. D. Conn. 1992)). On the other hand, a minority of courts interpret "claim" narrowly, such that a "claim" does not exist when there is no *in personam* liability. *See, e.g.*, *In re Parks*, 227 B.R. 20 (Bankr. W.D.N.Y. 1998); *Ulster Savings Bank v. Kizelnik* (*In re Kizelnik*), 190 B.R. 171 (Bankr. S.D.N.Y. 1995); *In re Threats*, 159 B.R. 241 (Bankr. N.D. Ill. 1993).

The Court finds *Johnson* to be instructive and will adopt the majority approach. In *Johnson*, the debtor sought to pay a secured claim through the plan after the debtor's personal liability on the claim had been discharged in a prior Chapter 7 proceeding. 501 U.S. at 80. The Supreme Court acknowledged that while the debtor's *in personam* liability for any deficiency was discharged in bankruptcy, the *in rem* liability remained such that the creditor's right to foreclose survived the Chapter 7 bankruptcy case. *Id.* at 83; *see* 11 U.S.C. § 522(c)(2). The Supreme Court determined that the secured claim that survived the discharge of a debtor's personal liability was a "claim" within the meaning of section 101(5) of the Bankruptcy Code. *Johnson,* 501 U.S. at 84. In so holding, the Court held that by enacting the language of section 101(5), Congress intended to adopt the broadest possible available definition of "claim." *Id.* at 83 (citing *Pa. Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990); *Ohio v. Kovacs*, 469 U.S. 274, 279 (1985)).

Section 101(5) of the Bankruptcy Code defines "claim" to mean a "right to payment" or "right to an equitable remedy." 11 U.S.C. § 101(5).

> [T]he mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation.

*Johnson*, 501 U.S. at 84. As such, the creditor has a "claim" that may be included in a Chapter 13 plan "if it is enforceable against *either* the debtor *or* his property." *Id.* at 85 (emphasis in original). Accordingly, the Supreme Court in *Johnson* permitted the Chapter 13 debtor to include the secured claim in his plan.

The Supreme Court found further support for this conclusion in section 102(2) of the Bankruptcy Code. *Id*. Section 102(2) states that the term "'claim against the debtor' includes claim against property of the debtor." 11 U.S.C. § 102(2). *Johnson* says that "a fair reading of

3

§ 102(2) is that a creditor who, like the Bank in this case, has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code." 501 U.S. at 85.

This Court finds no reason to distinguish *Johnson* from the case at bar. In both cases, the creditor has a claim against property of the debtor. Such a claim, under the broad definition provided in section 101(5), can be properly included in the Debtor's Plan.

A Chapter 13 plan may "modify the rights of holders of secured claims." 11 U.S.C. § 1322(b)(2). Although the term "secured claim" is not defined in section 101 of the Bankruptcy Code, section 506(a)(1) of the Bankruptcy Code provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). Wesbanco has an allowed claim, *see* 11 U.S.C. § 502(a), that the Parties agree is fully secured by a lien on the Property. Accordingly, Wesbanco has a "secured claim" that can be properly modified by the Plan pursuant to section 1322(b)(2) of the Bankruptcy Code.

## CONCLUSION

For the reasons stated herein, the Court holds that, even in the absence of *in personam* liability against the Debtor, Wesbanco's *in rem* claim against the Property is a "claim" for purposes of section 101(5) of the Bankruptcy Code and can be cured through the Debtor's Plan in accordance with section 1322(b)(2), (3) of the Bankruptcy Code. The Court overrules the Objection. A separate Order shall issue.

Dated:   November 8, 2023           /s/ Kevin R. Huennekens
                                    UNITED STATES BANKRUPTCY JUDGE

                                    Entered on Docket: _____